## EXHIBIT A

*Bid Procedures Order*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:                                         :     Chapter 11
                                               :
DIRECTBUY HOLDINGS, INC., *et al.*,[1]          :     Case No. 16-12435 (CSS)
                                               :
                            Debtors.            :     Jointly Administered
                                               :
---------------------------------------------------------- x     **Related to Docket No. 18**

## ORDER (A) APPROVING "STALKING HORSE" ASSET PURCHASE AGREEMENT; (B) APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' BUSINESS ASSETS; (C) SCHEDULING THE RELATED AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (D) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (F) APPROVING EXPENSE REIMBURSEMENT; AND (G) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"),  Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules") (A) approving "stalking horse" asset purchase agreement, as shall be amended consistent with the representations made on the record at the hearing held on November 28, 2016

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (U.S. entities), are: DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); UCC of Canada, Inc. (6435).  The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(the "Asset Purchase Agreement"); (B) approving procedures in connection with the sale of all or substantially all of the Debtors' business assets; (C) scheduling the related auction and hearing to consider approval of sale free and clear of liens, claims and interests; (D) approving procedures related to the assumption of certain executory contracts and unexpired leases; (E) approving the form and manner of notice thereof; (F) approving the Expense Reimbursement; and (G) granting related relief; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion, to the extent set forth herein, is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS FURTHER FOUND AND DETERMINED THAT:[3]**

A.    The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Assumption and Assignment Procedures, (iii) approve the form and manner of notice of the Motion, the Auction and Sale Hearing and (iv) set the date of the Auction and the Sale Hearing.

B.    Due, sufficient and adequate notice of the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion, the proposed entry of this order, the Bidding Procedures, the Assumption and Assignment

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Procedures, the Auction and the Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

C.      The Debtors' proposed notices of (i) the Sale, (ii) the assumption and assignment of, and Cure Amount (as defined below) for, the executory contracts and unexpired leases to be assumed and assigned to the Successful Bidder (the "Assumed Contracts"), (iii) the Asset Purchase Agreement, (iv) the Successful Bidder and (v) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

D.      The Bidding Procedures, in the form attached hereto as **Exhibit 1**, and incorporated by reference as if fully set forth in this Order, are fair, reasonable, and appropriate, were negotiated in good faith and at arm's-length by the Debtors and the Purchaser and represent the best method for maximizing the value to be achieved for the Purchased Assets.

E.      The Assumption and Assignment Procedures, as modified by this Order, are reasonable and appropriate.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

3.      The Asset Purchase Agreement is approved solely for the purpose of establishing the stalking horse bid for the Debtors' business assets.  All substantive rights are reserved for the Sale Hearing.

4.      The Bidding Procedures, attached hereto as **Exhibit 1,** are APPROVED.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

5.      Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 Cases, including, without limitation, the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and the Purchaser.

### The Bid Deadline

6.      The Purchaser shall be the Successful Bidder (as defined in the Bidding Procedures) unless the following parties receive one or more Qualified Bids in writing, **on or before January 12, 2017 at 5:00 p.m. (prevailing Eastern Time)** or such later date as may be agreed to by the Debtors upon consultation with the Committee (the "Bid Deadline"): (1) the Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst); (2) proposed counsel for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq. and Marc Press, Esq.); (3) investment banker to the Debtors, Carl Marks & Co., 900 Third Avenue, 33rd Floor, New York, New York 10022 (Attn: Charles Boguslaski and Parker Condie); (4) proposed counsel for the Committee, Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon Levine, Esq.); and (5) proposed financial advisors to the Committee, Emerald Capital Advisors, 70 East 55th Street, 17th Floor, New York, NY 10022 (Attn: John Madden).

### Notice of the Sale and the Sale Hearing

7.      By no later than seven (7) calendar days after entry of this Order (the "Initial Mailing Date"), the Debtors (or their agents) shall serve this Order, the Bidding Procedures and the Sale Notice attached hereto as Exhibit 2 by first-class mail, postage prepaid or by email,

where available, upon (a) all entities known to have expressed an interest in a transaction with respect to some or all of the Purchased Assets at any time prior to the date hereof; (b) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Purchased Assets; (c) all federal, state and local environmental or other regulatory authorities that regulate any aspect of the Debtors' business, if any; (d) the Pension Benefit Guaranty Corporation; (e) United States Attorney's office; (f) the state Attorney General's offices where the Purchased Assets are located; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) counsel to the Committee; (j) counsel to the Prepetition Secured Parties; (k) the U.S. Trustee; and (l) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Cases (the "Initial Mailing Service List"). In addition, by the Initial Mailing Date, the Debtors' claims and noticing agent shall post a copy of this Order, the Bidding Procedures and the Sale Notice to the website maintained for the Debtors in these cases.

8.      By December 23, 2016 (the "Final Mailing Date"), the Debtors (or their agents) shall serve the Sale Notice by first-class mail, postage prepaid or by email, where available, upon (a) all state and local taxing authorities in the states in which the Debtors have or may have any tax liability; and (b) all known creditors other than those identified in subparagraph (a) hereof or the Initial Mailing Service List.

9.      By the Final Mailing Date, the Debtors (or their agents) shall serve the Counterparties Cure Notice (as defined below) by first-class mail, postage prepaid or by email, where available, upon all counterparties to the Debtors' executory contracts and unexpired leases.

10.     By the Final Mailing Date, the Debtors (or their agents) shall serve the Member

Sale Notice (as defined below) and the Sale Notice by first-class mail, postage prepaid, or by

email, where available, upon all the Debtors' members.

11.     By the Final Mailing Date, the Debtors' claims and noticing agent shall post the

Cure Notices (as defined below) to the website maintained for the Debtors in these cases.

12.     The Debtors shall cause notice substantially in the form of the Sale Notice to be

published in the *Wall Street Journal*, national edition, within seven (7) days of the entry of this

Order, or soon thereafter as practicable.  Such publication notice shall be deemed sufficient and

proper notice of the Sale to any other interested parties whose identities are unknown to the

Debtors.

13.     The Sale Hearing to approve the sale of the Purchased Assets shall be held on

January 24, 2017 at 1:00 p.m. **(Prevailing Eastern Time)**.

14.     Objections, if any, to the sale of the Purchased Assets ("Sale Objection") must be

filed and with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware,

19801, together with proof of service on or before **January 17, 2017 at 4:00 p.m. (Prevailing**

**Eastern Time)** (the "Sale Objection Deadline") and be served upon: (1) the Debtors, 8450

Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst); (2) proposed counsel for

the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey

07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com and 500 Delaware Avenue, Suite

1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.),

nbrannick@coleschotz.com; (3) proposed counsel to the Committee, Saul Ewing LLP, One

Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon

Levine, Esq.), slevine@coleschotz.com; (4) counsel to the Purchaser, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York (Attn: Brian Rosen, Esq. and Debora A. Hoehne, Esq.), brian.rosen@weil.com and debora.hoehne@weil.com; and (5) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian, Esq.), Juliet.m.sarkessian@usdoj.gov (collectively, the "Notice Parties").

15.     Failure to file a Sale Objection on or before the Sale Objection Deadline shall be deemed to be consent for purposes of section 363(f) of the Bankruptcy Code.

**The Auction**

16.     If the Debtors, after consultation with the Committee, determine that they received one or more Qualified Bids in addition to the Asset Purchase Agreement, the Debtors shall conduct an auction (the "Auction") with respect to the Purchased Assets.  The Auction shall take place **on or before January 18, 2017 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Cole Schotz P.C., 25 Main Street, Hackensack, New Jersey, or such other place and time as the Debtors shall identify, after  consultation with the Committee, in a notice filed with the Bankruptcy Court at least 24 hours before the Auction, and served on  all Qualified Bidders, the Purchaser and its counsel, the Prepetition Secured Parties and their counsel, counsel for the Committee, the U.S. Trustee, and any creditors who provide notice in accordance with paragraph 14 below.  The Debtors are authorized, after consultation with the Committee and subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, after consultation with the Committee, to conduct and implement the Auction.

17.     Only the Debtors, the Prepetition Secured Parties, the Purchaser and any other Qualified Bidder, the Committee members, if they so determine, the Committee's professionals, the U.S. Trustee, along with their representatives and counsel, and such other parties as the Debtors, after consultation with the Committee, shall determine, shall attend the Auction (such

attendance to be in person); provided, however, that any creditor may attend (but not participate in) the Auction if they provide the Debtors written notice of their intention to attend the Auction on or before two business days prior to the Auction. Such written notice must be sent to proposed counsel for the Debtors via electronic mail, to Ilana Volkov, Esq. at ivolkov@coleschotz.com or by first class mail to Ilana Volkov, Esq., Cole Schotz, 25 Main Street, Hackensack, NJ 07601.

18.     In addition, only the Purchaser and such other Qualified Bidders (or such other parties as the Debtors may otherwise determine, after consultation with the Committee) will be entitled to make any Bids at the Auction. The Debtors and their professionals shall direct, in consultation with the Committee, and preside over the Auction and the Auction shall be transcribed. The Purchaser (in its capacity as a Bidder), and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the business assets described herein and (b) has reviewed, understands and accepts the Bidding Procedures.

19.     Subject to the rights of parties in interest to (i) challenge the Sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process and (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such parties may have under applicable law, the Debtors, after consultation with the Committee, may (I) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the

Bidding Procedures or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

20.      The Debtors shall file notice of the identity of the successful bidder and back-up bidder at the auction, and the amount of their bids, with the Court by no later than January 20, 2016 at 12:00 p.m. (prevailing Eastern Time).  The same day the Debtors shall serve such notice by fax or email to all contract and lease counterparties and to all creditors who have requested the same in writing and provided their fax number or email address, as applicable, to Debtors' counsel on or before that date and time.

21.      Notwithstanding anything to the contrary herein, and for the avoidance of doubt, for all purposes under the Bidding Procedures, the Purchaser shall be considered a Qualified Bidder.

22.      Pursuant to section 363(k) of the Bankruptcy Code, U.S. Bank National Association, as trustee and collateral agent for the PrePetition Notes on behalf of all holders of such notes on a pro rata basis, shall be entitled to credit bid in the name of the Purchaser all or a portion of the amounts owed under the Prepetition Notes and the Purchaser shall be entitled to submit any credit bid at any time prior to the Bid Deadline and may submit subsequent bids at the Auction in compliance with the Bidding Procedures.   Nothing herein shall affect the rights of parties in interest under the Interim Cash Collateral Order entered in this case, or any further or final cash collateral order that may be entered in this case, to challenge the nature, extent, validity or perfection of Purchaser's liens by no later than the Investigation Termination Date, including, without limitation, to assert any claims or causes of action for money damages, subordination or recharacterization.

23.    The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

<b><u>Assumption and Assignment Procedures</u></b>

24.    The Assumption and Assignment Procedures are APPROVED as set forth herein.

25.     Except for the Debtors' members, the Debtors shall serve by first-class mail, postage prepaid on each non-Debtor counterparty to an executory contract and unexpired lease, including without limitation, an Assumed Contract a cure notice substantially in the form attached hereto as <u>Exhibit 3</u> (the "Counterparties Cure Notice") that shall (i) state the cure amounts that the Debtors believe are necessary to assume such executory contract or unexpired lease, including, without limitation, the Assumed Contracts pursuant to section 365 of the Bankruptcy Code (the "<u>Cure Amount</u>"); (ii) notify the non-Debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Purchased Assets at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing, or at a later hearing if so determined by the Debtors with the consent of the Committee which shall not be unreasonably withheld; and (iv) state that the deadline by which the non-Debtor party shall file an objection to the Cure Amount or to the assumption and assignment of the Assumed Contracts is the Sale Objection Deadline; <u>provided</u>, <u>however</u>, that the inclusion of a contract, lease or agreement on the Counterparties Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease. The estates reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on the Counterparties Cure Notice.

26.     With respect to the Debtors' membership agreements, the Debtors shall serve on each member that is party to a membership agreement with the Debtors, the Sale Notice and a cure notice substantially in the form attached hereto as Exhibit 4 (the "Member Cure Notice" and, together with the Counterparties Cure Notice, collectively, the "Cure Notices"), by first class mail, postage prepaid where an email address is not known or by electronic mail where an email address is known.

27.     The Debtors shall (a) within 48 hours of receipt of a Qualified Bid from a Bidder (other than the Purchaser) and (b) with respect to the Purchaser, by no later than December 23, 2016 (the later of (a) and (b), the "Adequate Assurance Deadline"), provide the necessary financial information to demonstrate that the Qualified Bidder or Purchaser, as applicable, can provide adequate assurance of future performance under Section 365 of the Bankruptcy Code (the "Adequate Assurance Information") to those counterparties to the Assumed Contracts (or their counsel) who have (x) submitted a written request (by e-mail to Debtors' counsel is acceptable) for Adequate Assurance Information and (y) confirmed in writing to the Debtors' counsel (by e-mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for the purpose of evaluating whether a Qualified Bidder or the Purchaser has provided adequate assurance of future performance under the applicable Assumed Contract; provided, however, that the Purchaser or Qualified Bidder, as applicable, may require the counterparties to the applicable Assumed Contract to execute confidentiality agreements prior to the remittance of any confidential, non-public information to such counterparty.  Any Adequate Assurance Information provided to a counterparty shall be provided simultaneously to the Committee.

28.     Any objection to the Cure Amount with respect to an executory contract or unexpired lease, including, without limitation, to any Assumed Contract must be filed with the Court and served on the Notice Parties **so as to be received on or before January 10, 2017 at 4:00 p.m. (Prevailing Eastern Time)** (the "Cure Objection Deadline").  Any such objection must also (i) state the basis for such objection and (ii) state with specificity what cure amount the party to the Assumed Contract believes is required (in all cases with appropriate documentation in support thereof).

29.     Any objection to the provision of adequate assurance of future performance or the assumption and assignment to the Purchaser of an executory contract and unexpired lease, including, without limitation, an Assumed Contract must be filed with the Court and served on the Notice Parties **so as to be received on or before January 10, 2017, at 4:00 p.m. (Prevailing Eastern Time)** (the "Assumption Objection Deadline").  Any such objection must also state the basis therefor.  If a Successful Bidder that is not the Purchaser prevails at the Auction, then objections to the assumption or assignment and provision of adequate assurance of future performance may be made at any time before or at the Sale Hearing, including remotely by arranging, in advance, for a telephonic appearance through CourtCall at (888) 88-COURT.  If a non-Debtor party to any executory contract or unexpired lease fails to object to the assumption or assignment and provision of adequate assurance of future performance by the Assumption Objection Deadline or at the Sale Hearing, as the case may be, such counterparty shall be forever barred from raising any such objection.

30.     Unless a non-Debtor party to any executory contract or unexpired lease, including an unexpired real property lease, files an objection to the Cure Amount by the Cure Objection Deadline, then the Cure Amount set forth in the Counterparties Cure Notice should be binding

upon the non-Debtor counterparty to such agreement for all purposes and will constitute a final

determination of the Cure Amount required to be paid in connection with the assumption and

assignment of such agreement.  In addition, all counterparties to the Assumed Contracts who fail

to file an objection shall be (i) forever barred from objecting to the Cure Amount and from

asserting any additional cure or other amounts with respect to such Assumed Contract, and the

Debtors, the Purchaser or the Successful Bidder, as the case may be, shall be entitled to rely

solely upon the Cure Amount set forth in the Counterparties Cure Notice, and (b) be forever

barred and estopped from asserting or claiming against the Debtors, the Purchaser or the

Successful Bidder, as the case may be, or any other assignee of the Assumed Contract that any

additional amounts are due or defaults exist, or conditions to assumption and assignment must be

satisfied with respect to such Assumed Contract.

31.    In the event that the Debtor and the non-Debtor party cannot resolve the Cure

Amount, the Debtor shall segregate any disputed Cure Amounts ("Disputed Cure Amounts")

pending the resolution of any such disputes by the Court or mutual agreement of the parties.

Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate

hearing either before the Sale Hearing or, with the Committee's consent which consent shall not

be unreasonably withheld, after the Sale Hearing. Any counterparty to an executory contract or

unexpired lease, including, without limitation, an Assumed Contract that fails to timely file and

serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure

Amount is owed in an amount in excess of that set forth in the Counterparties Cure Notice.

32.    To the extent that a non-Debtor counterparty to an executory contract or

unexpired lease, including, without limitation, an Assumed Contract was not provided with a

Counterparties Cure Notice (any such contract or lease a "Previously Omitted Contract"), the

Debtors will notify the Successful Bidder within three (3) Business Days after the Debtors become aware of the omission. The Debtors shall serve a notice (the "Previously Omitted Contract Notice") to the counterparties to the Previously Omitted Contract indicating the Debtors' intent to assume and assign the Previously Omitted Contract. The counterparties will have fourteen (14) days to object to the Cure Amount or the assumption. If the parties cannot agree on a resolution, the Debtors will seek an expedited hearing before the Court to determine the Cure Amount and approve the assumption. If there is no objection, then the counterparties will be deemed to have consented to the assumption and assignment and the Cure Amount, and such assumption and assignment and the Cure Amount shall be deemed approved by the Sale Order without further order of this Court.

33.     Notwithstanding anything to the contrary herein, at any time before the Auction, the Purchaser or any Qualified Bidder who becomes the Successful Bidder, as the case may be, shall have the right to exclude any of the Assumed Contracts from the Purchased Assets (an "Excluded Contract"), and any such Excluded Contract shall constitute an Excluded Asset (as defined in the Asset Purchase Agreement) and shall not constitute, for any purpose whatsoever, a Purchased Asset; provided, however, that any Excluded Contract nevertheless may be assumed and assigned, at the Successful Bidder's (including Purchaser's) written request to Debtors' counsel made no later than the Closing (as defined in the Asset Purchase Agreement) (the "Subsequently Added Contract") unless alternative mutual arrangements are made between the Debtors and the Successful Bidder (including Purchaser), upon consultation with the Committee; and provided further that any Excluded Contract that does not become a Subsequently Added Contract shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code effective as

of the start of the Auction.  The Successful Bidder shall not incur any liability, obligation, or debt

in connection with or related to any such Excluded Contract that constitutes an Excluded Asset.

### Expense Reimbursement

34.    The Expense Reimbursement in the amount of up to $300,000 is APPROVED

and shall be paid when and as set forth in the Asset Purchase Agreement without any further

order of the Bankruptcy Court, pursuant to the terms of paragraph 3(c) of the interim cash

collateral order [Docket No. 46] (the "Interim Cash Collateral Order") and any final cash

collateral order to be entered in these Chapter 11 Cases upon presentment of invoices

substantiating the amount thereof, including the provisions thereof governing the submission of

invoices by the Prepetition Secured Parties (as defined in the Interim Cash Collateral Order)

under paragraph 3(c) of the Interim Cash Collateral Order.  The Expense Reimbursement shall

be an administrative claim of the Debtors' estates under sections 503(b)(1)(A) and 507(a)(2) of

the Bankruptcy Code for adequate protection and shall not be subordinate to any other

administrative expense claim against the Debtors.  Notwithstanding the foregoing, the Purchaser

shall not be permitted to credit bid any portion of the Expense Reimbursement and no other

bidder shall be required to include any portion of the Expense Reimbursement in its bid.

### Related Relief

35.    The dates set forth on the attached Schedule A are hereby approved.

36.    Any obligations of the Debtors set forth in the Asset Purchase Agreement that are

intended to be performed prior to the Sale Hearing and entry of the Sale Order are authorized as

set forth herein.

37.    The Debtors, in consultation with and on reasonable notice to the Committee, are

hereby authorized and empowered to take such actions as may be reasonably necessary to

implement and effect the terms and requirements established this Order.

38.    This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

39.    This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

40.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

41.    Notwithstanding anything to the contrary in the Asset Purchase Agreement, this Court shall retain sole, exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Asset Purchase Agreement, the Bidding Procedures and the implementation of this Order.

Dated: Wilmington, Delaware
      November _____, 2016

 

                                                  _____
                                                  CHRISTOPHER S. SONTCHI
                                                  UNITED STATES BANKRUPTCY JUDGE

Schedule A

| | |
|---|---|
| Initial Deadline for Debtors to Serve Notice of Sale Hearing and Notice of Entry of Bid Procedures Order | December 7, 2016 |
| Final Deadline for Debtors to Serve Notice of Sale Hearing and Cure Notices | December 23, 2016 |
| Bid Deadline | January 12, 2017 at 5:00 p.m. |
| Deadline to Object to Cure Amounts | January 10, 2017 at 4:00 p.m. |
| Deadline to Object to Assumption and Assignment of Contracts and Leases to Stalking Horse Bidder | January 10, 2017 at 4:00 p.m. |
| Deadline for Creditors to Notify Debtor to Attend Auction | January 13, 2017 at 5:00 p.m. |
| Sale Objection Deadline | January 17, 2017 at 4:00 p.m. |
| Auction | January 18, 2017 at 10:00 a.m. |
| Deadline of Debtors to File and Serve Notice of Winning Bidder and Amount of Bid | January 20, 2016, at 12:00 p.m. |
| Deadline to Object to Adequate Assurance of Successful Bidder other than Stalking Horse | At or before Sale Hearing |
| Sale Hearing | January 24, 2017 at 1:00 p.m. |

## EXHIBIT 1

### Bidding Procedures

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
|   |   |
| :--- | :--- |
| In re: | :    Chapter 11 |
|  | : |
| DIRECTBUY HOLDINGS, INC., *et al.*,[1] | :    Case No. 16-12435 (CSS) |
|  | :    (Jointly Administered) |
|           Debtors. | : |
|  | : |
|  | : |

-------------------------------------------------------- x

### BIDDING PROCEDURES

Set forth below are the bidding procedures (the "**Bidding Procedures**") to be employed in connection with the sale of all or substantially all the business assets of DirectBuy Holdings, Inc. and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

On November \_\_\_\_, 2016, the Bankruptcy Court entered that certain *Order: (I) Approving Purchase Agreement with Derby SPV, Inc. as a "Stalking Horse" Asset Purchase Agreement and Authorizing Debtors to Agree to an Expense Reimbursement; (II) Approving Bidding Procedures for the Sale of All or Substantially all the Debtors' Business Assets; (III) Scheduling an Auction for and Hearing to Approve Sale of the Debtors' Business Assets; (IV) Approving Form and Manner of Notice of Sale, Auction and Sale Hearing; (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. \_\_\_\_\_] (the "**Bidding Procedures Order**"). Pursuant to the Bidding Procedures Order, in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") the Debtors are authorized to employ, and are empowered to take all actions necessary or appropriate to implement the Bidding Procedures in connection with the sale of the Purchased Assets (as defined below) (the "**Sale**").

### I.    PURCHASE AGREEMENT

The Debtors, as sellers, entered into that certain Asset Purchase Agreement, dated November 1, 2016 (together with the schedules and related documents thereto, the "**Purchase Agreement**") with Derby SPV, Inc., as purchaser (the "**Purchaser**"), pursuant to which the Purchaser has agreed to acquire the Purchased Assets (as defined and to the extent provided in the Purchase

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated ("UCC") (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); and UCC of Canada, Inc. (6435). The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

Agreement, collectively, the "**Purchased Assets**") and to assume certain expressly enumerated liabilities, all on the terms and conditions specified therein.  The credit bid set forth in the Purchase Agreement is made in the name of the Purchaser by U.S. Bank National Association, as trustee and collateral agent for the PrePetition Notes on behalf of all holders of such notes on a pro rata basis.

The sale transaction pursuant to the Purchase Agreement is subject to competitive bidding as set forth herein.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

## II.      SALE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

Except as otherwise provided in the Purchase Agreement or such other approved purchase agreement of the Successful Bidder, the Debtors shall seek to have the Purchased Assets sold free and clear of any claim, pledge, option, charge, hypothecation, easement, security interest, license, right-of-way, encroachment, mortgage, and deed of trust or other encumbrance of any kind or nature thereon and there against (except for Permitted Liens) (collectively, the "**Liens**"), with such Liens to attach solely to the net proceeds of Sale.[2]

## III.     PROVISIONS GOVERNING QUALIFICATIONS OF BIDDERS

### A.      Potential Bidders

Unless otherwise ordered by the Bankruptcy Court, in order to participate in the bidding process, prior to the Bid Deadline (defined below), each person, other than the Purchaser, who wishes to participate in the bidding process (a "**Potential Bidder**") must deliver to the Notice Parties (as defined below) to the extent not previously delivered, an executed confidentiality agreement (to be delivered prior to the distribution of any confidential information by the Debtors to a Potential Bidder) in form and substance satisfactory to the Debtors, in consultation with the Committee, which shall inure to the benefit of the Successful Bidder; without limiting the foregoing, each confidentiality agreement executed by a Potential Bidder shall contain standard non-solicitation provisions.

---

[2] Nothing herein shall impair the rights of Pacific Western Bank  in connection with their Certificate of Deposit securing a letter of credit in favor of the State of California.

### B.    Due Diligence

Upon execution of a valid confidentiality agreement in form and substance reasonably acceptable to the Debtors, in consultation with the Committee, the Debtors will afford any Potential Bidder such due diligence access or additional information as the Debtors, in consultation with their advisors, deem appropriate, in their reasonable discretion.  Any such due diligence access or additional information provided to Potential Bidders shall also be made available to the Committee and its professionals.  The Debtors will limit access to due diligence to those parties they believe, in the exercise of their reasonable judgment, are pursuing the transaction in good faith and are capable of submitting a Qualified Bid (as defined below).  If access is denied to any Potential Bidder, the Debtors shall promptly inform the Committee of same.

The Debtors must promptly advise the Purchaser in the event any other Potential Bidder receives diligence the Purchaser has not received and Purchaser shall be provided with prompt access to such diligence materials.

The due diligence period shall end on the Bid Deadline and no Potential Bid shall be deemed a Qualified Bid if it has any due diligence contingencies as of the Bid Deadline.  For the avoidance of doubt, other than with respect to the Committee, neither the Debtors nor any of their respective representatives shall be obligated to furnish any due diligence information to any person other than a Potential Bidder.

### C.    Qualified Bids

In order to participate in the bidding process and be deemed a "**Qualified Bidder**," each Potential Bidder (other than the Purchaser) must submit a "**Qualified Bid**" by the Bid Deadline (as defined below).  To constitute a Qualified Bid, a bid must:

     i.     fully disclose the identity of the Potential Bidder and include contact information for the specific person (s) the Debtors should contact if they have any questions about the Potential Bidder's bid;

     ii.     state that the Potential Bidder offers to purchase the Purchased Assets or some substantial portion thereof;

     iii.     include a signed writing that the Potential Bidder's offer is formal, binding, unconditional, and irrevocable until (i) the closing of the transaction with the Successful Bidder (as defined below) and (ii) for two (2) business days after the earlier of the closing of the sale transaction with the Successful Bidder or the termination of the Successful Bid, if such bidder is designated the Back-Up Bidder (as defined below) at the conclusion of the Auction;

     iv.     confirm that there are no conditions precedent to the Potential Bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid;

v.      set forth each regulatory and third-party approval required for the Potential Bidder to consummate the transaction and the time period within which the Potential Bidder expects to receive such approvals;

vi.     include a duly authorized and executed copy of a purchase agreement (a "**Bidder Purchase Agreement**"), including the purchase price for the Purchased Assets expressed in U.S. Dollars (the "**Purchase Price**"), together with all exhibits and schedules thereto, together with copies marked ("**Marked Agreement**") to show any amendments and modifications to the Purchase Agreement and the proposed order to approve the sale; provided, however, that such Bidder Purchase Agreement shall not include any financing or diligence conditions;

vii.    include written evidence of sufficient cash on hand to fund the purchase price or sources of immediately available funds that are not conditioned or contingent on further third party approvals or commitments, that will allow the Debtors to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the transaction contemplated by the Bidder Purchase Agreement; such written evidence shall include the most current audited and the most current unaudited financial statements, and any bank account or investment account statements or other evidence of any bank line(s) of credit or available cash to complete the purchase, or such other financial information as may be acceptable to the Debtors in their reasonable discretion (collectively, the "**Financials**") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Purchased Assets, the Financials of the Potential Bidder's equity holder(s) or other financial backer(s);

viii.   provide for a cash purchase price of at least the Purchase Price (as defined in the Purchase Agreement) *plus* a cash overbid of $200,000 (collectively, the "**Minimum Overbid**"), and otherwise has a value to the Debtors, in the Debtors' exercise of their reasonable business judgment, after consultation with their advisors and the Committee, that is greater or otherwise better than the value offered under the Purchase Agreement, including impact of the liabilities assumed in the Purchase Agreement;

ix.     identify with particularity which executory contracts and unexpired leases the Potential Bidder wishes to assume and provides for the Potential Bidder to pay related Cure Amount;

x.      contain sufficient information concerning the Potential Bidder's ability to provide adequate assurance of future performance with respect to executory contracts and unexpired leases to be assumed and assigned;

xi.     include an acknowledgement and representation that the bidder: (A) has had an opportunity to conduct any and all required due diligence regarding

the Purchased Assets prior to making its offer; (B) has relied solely on its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets in making its bid; (C) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Purchased Assets or the completeness of any information provided in connection therewith or with the Auction (defined below), except as expressly stated in the Purchase Agreement; and (D) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid;

xii.    include evidence, in form and substance reasonably satisfactory to the Debtors, in consultation with the Committee, of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Purchase Agreement;

xiii.   be accompanied by a good faith deposit in the form of a wire transfer, certified check or such other form acceptable to the Debtors, in consultation with the Committee, payable to the order of the Debtors (or such other party as the Debtors may determine, including an escrow agent) in an amount equal to ten percent (10%) of the Qualified Bid;

xiv.    state that the Potential Bidder agrees to serve as a Back-Up Bidder (as defined below) if such bidder's Qualified Bid is selected as the next highest or otherwise next best bid after the Successful Bidder (as defined below) with respect to the Purchased Assets;

xv.     state that the Potential Bidder consents to the jurisdiction of the Bankruptcy Court;

xvi.    state that the Potential Bidder agrees that it shall abide by the Debtors' privacy policies, and include any reasonable information requested by a consumer privacy ombudsman, should one be appointed in the Chapter 11 Cases pursuant to Section 363(b)(1)(B) of the Bankruptcy Code; and

xvii.   contain such other information reasonably requested by the Debtors in consultation with the Committee.

As promptly as practicable after a Potential Bidder delivers all the materials required above (and in any event no later than two (2) business days thereafter), the Debtors, in consultation with the Committee, will determine and will notify the Potential Bidder and the Notice Parties if such Potential Bidder is a Qualified Bidder. If the Debtors determine that any Potential Bidder who delivers a bid is not a Qualified Bidder, the Debtors shall promptly notify the Committee of same.

For the avoidance of doubt, the Purchaser shall not be required to take any further action in order to participate in the Auction (if any) or, if the Purchaser is the Successful Bidder, to be named the Successful Bidder at the Sale Hearing (as defined below).

The Debtors, in their discretion, may accept a single Qualified Bid or multiple bids for non-overlapping material portions of the Assets such that, if taken together in the aggregate, would otherwise meet the standards for a single Qualified Bid.

### D.    Bid Deadline

A Potential Bidder that desires to make a bid shall deliver written copies of its bid to the following parties (collectively, the "**Notice Parties**"): (i) the Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst); (ii) counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq. and Marc P. Press, Esq.), ivolkov@coleschotz.com and mpress@coleschotz.com; (iii) investment banker to the Debtors, Carl Marks & Co., 900 Third Avenue, 33rd Floor, New York, New York 10022 (Attn: Charles Boguslaski and Parker Condie); and (iv) counsel to the Committee, Saul Ewing, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon Levine, Esq.), slevine@saul.com; and (v) financial advisor to the Committee, Emerald Capital Advisors, 70 East 55th Street, 17th Floor, New York, NY 10022 (Attn: John Madden), jpm@emeraldcapitaladvisors.com, so as to be received not later than **January 12, 2017, at 5:00 p.m.** Eastern Standard Time (the "**Bid Deadline**"), as same may be adjourned by the Debtors in consultation with their advisors and the Committee.  The Purchaser is deemed a Qualified Bidder and the Purchase Agreement constitutes a Qualified Bid for all purposes.

## IV.    Auction Process

### A.    Evaluation of Competing Bids

A Qualified Bid will be valued based upon several factors including, without limitation, (1) the amount of such bid, (2) the risks and timing associated with consummating such bid, (3) any proposed revisions to the Purchase Agreement, and (4) any other factors deemed relevant by the Debtors in their reasonable discretion, in consultation with their advisors and the Committee.

### B.    No Qualified Bids

If the Debtors do not receive any Qualified Bids other than the Purchase Agreement, the Debtors will not hold an auction, the Purchaser will be named the Successful Bidder for the Purchased Assets and the Debtors shall request at the Sale Hearing (as defined below) that the Bankruptcy Court approve the Purchase Agreement with the Purchaser.

### C.    Auction

If the Debtors receive one or more Qualified Bids in addition to the Purchase Agreement, the Debtors will conduct an auction (the "**Auction**"), which shall be transcribed, on **January 18, 2017, at 10:00 a.m.** Eastern Standard Time (the "**Auction Date**"), as same may be adjourned by the Debtors in consultation with their advisors and the Committee, at the offices of Cole Schotz

P.C., 25 Main Street, Hackensack, New Jersey, or such other location as shall be timely communicated to all entities entitled to attend the Auction.  The Auction shall run in accordance with the following procedures:

     i.      only Qualified Bidders that have submitted Qualified Bids by the Bid Deadline are eligible to participate at the Auction;

     ii.      Qualified Bidders participating the Auction must appear in person at the Auction, or through a duly authorized representative;

     iii.      the Auction will be conducted openly and the Committee and its professionals and all creditors will be permitted to attend; provided, however, the Debtors may, in their sole and exclusive discretion, establish a reasonable limit on the number of representatives and/or professional advisors that may appear on the behalf of or accompany each Qualified Bidder and other parties in interest (other than the Committee, which shall not be so limited) at the Auction;

     iv.      each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale;

     v.      at least one (1) business day before the Auction, each Qualified Bidder must inform the Debtors whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until the date of the selection of the Successful Bidder and the Back-Up Bidder (defined below) at the conclusion of the Auction.  At least one (1) business day before the Auction, the Debtors will identify to the Purchaser and Committee which Qualified Bid the Debtors believe in their reasonable discretion, in consultation with their advisors and the Committee, is the highest or otherwise best offer at that time; provided, however, that the Debtors, upon further consultation, may determine which offer is the highest or otherwise best offer at any time before the commencement of the Auction (the "**Starting Bid**");

     vi.      all Qualified Bidders will be entitled to be present for all Subsequent Bids (as defined below) at the Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the Auction; provided that all Qualified Bidders wishing to attend the Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the Auction in person;

     vii.      the Debtors, in consultation with their advisors and the Committee, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction, provided that such rules are (i) not inconsistent with these Bidding Procedures, the

Order approving these Bidding Procedures, the Bankruptcy Code or any order of the Bankruptcy Court entered in connection herewith, and (ii) disclosed to each Qualified Bidder at the Auction; and

viii.    bidding at the Auction will begin with the Starting Bid and continue in bidding increments (each a "**Subsequent Bid**") providing a net value to the estate of at least an additional $200,000 above the prior bid. After the first round of bidding and between each subsequent round of bidding, the Debtors shall announce the bid that they believe, in consultation with the Committee, to be the highest or otherwise better offer (the "**Leading Bid**"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid.

The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all of the Purchased Assets if the Debtors determine, in their business judgment and upon consultation with the Committee, that such process would be in the best interest of the Debtors' estates and result in a materially higher recovery for the estates.

**D.    <u>Selection of Successful Bid</u>**

Before the conclusion of the Auction, the Debtors, in consultation with their advisors and the Committee, will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer is the highest or otherwise best offer from among the Qualified Bidders submitted at the Auction (the "**Successful Bid**" and the bidder(s) making such bid, the "**Successful Bidder**"), and communicate to the Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid. The determination of the Successful Bid by the Debtors at the conclusion of the Auction shall be final, subject only to approval by the Bankruptcy Court.

Unless otherwise agreed to by the Debtors and the Successful Bidder, within two (2) business days after the conclusion of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. The Debtors shall file notice of the identity of the successful bidder and back-up bidder at the auction, and the amount of their bids, with the Court by January 20, 2016 at 12:00 p.m. The same day, the Debtors shall serve such notice by fax or email to all contract counterparties and creditors who have requested the same in writing and provided their fax number or email address to Debtors' counsel.

The Debtors will consummate the Sale to the Successful Bidder pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Bankruptcy Court at the Sale Hearing.

E.    **Back-Up Bidder**

If an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Qualified Bid to the Successful Bidder, as determined by the Debtors at the Auction in the exercise of their business judgment, upon consultation with the Committee, shall be required to serve as a back-up bidder (the "**Back-Up Bidder**" and, the bid submitted by the Back-Up Bidder, the "**Back-Up Bid**") and keep such bid open and irrevocable until either two (2) business days after closing of the sale transaction with the Successful Bidder or five (5) business days after termination of a Successful Bid, whichever applies.  Following the Sale Hearing, if the Successful Bidder fails to consummate the approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Bankruptcy Court.  For the avoidance of doubt, absent participation in the Auction and the making of an overbid, the Purchaser cannot be designated the Back-Up Bidder, unless it consents to such designation.

F.    **Return of Deposits**

All deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder (as defined below) no later than five (5) business days following the conclusion of the Auction.  The deposit of the Back-Up Bidder shall be held by the Debtors until one (1) business day after the closing of the sale transaction with the Successful Bidder.

V.    **Sale Hearing**

The Successful Bid (or the Purchase Agreement, if no qualified Bid other than that of the Purchaser is received or accepted) and Back-Up Bid will be subject to approval by the Bankruptcy Court.  The hearing to approve the Sale and the Successful Bid and any Back-Up Bid shall take place on January 24, 2017, at 1:00 p.m. Eastern Standard Time, before the Honorable Christopher S. Sontchi, U.S.B.J., at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, ,5th Floor, Courtroom 6, Wilmington, DE  19801. The Debtors' presentation to the Bankruptcy Court for approval of the Successful Bid or any Back-Up Bid does not constitute the Debtors' acceptance of such bid(s).

The Debtors will have accepted the terms of the Successful Bid or any Back-Up Bid only when such bid(s) has been approved by the Bankruptcy Court pursuant to a Sale Order.

**EXHIBIT 2**

**Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                          :
In re:                                    :   Chapter 11
                                          :
DIRECTBUY HOLDINGS, INC., et al.,[1]      :   Case No. 16-12435 (CSS)
                                          :
                        Debtors.          :   Sale Objection Deadline:
                                          :
------------------------------------------------------- x   Related Docket No. 18 and ____
```

## NOTICE OF SALE PROCEDURES, AUCTION DATE AND SALE HEARING

**PLEASE TAKE NOTICE** that on November 1, 2016, the above-captioned debtors and debtors in possession (the "Debtors") filed the Motion for Orders (I)(A) Approving "Stalking Horse Asset Purchase Agreement; (B) Approving Procedures in Connection With the Sale of All or Substantially All of the Debtors' Business Assets; (C) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (D) Approving Procedures Relating to the Assumption of Certain Executory Contracts and Unexpired Leases; (E) Approving the Form and Manner of Notice Thereof; (F) Approving Expense Reimbursement; and (G) Granting Related Relief; and (II)(A) Authorizing the Sale of All or Substantially All of the Debtors' Business Assets Free and Clear of Liens, Claims and Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief (the "Motion").[2]

The Debtors seek, among other things, to sell all or substantially all their business assets (the "Purchased Assets") to Derby SPV, Inc. (the "Purchaser") or the bidder submitting the highest or otherwise best offer for the Purchased Assets (such bidder, the "Successful Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code. The Purchaser is a special purpose entity established for the benefit of all the holders of the Debtors' prepetition secured notes, who are also the holders of 100 % of the equity in the Debtor DirectBuy Holdings, Inc.

**PLEASE TAKE FURTHER NOTICE** that, on November_____, 2016, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving certain of the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); UCC of Canada, Inc. (6435). The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested in the Motion and the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the Sale of the Purchased Assets.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures.  To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.  Please see the last paragraph of this Notice for information on how to obtain copies of the Bidding Procedures Order and the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** any creditor may attend (but not participate in) the Auction if they provide the Debtors written notice of their intention to attend the Auction on or before January 13, 2017. Such written notice, along with the creditor's email address or fax number, must be sent to counsel for the Debtors via electronic mail, to Ilana Volkov, Esq. at ivolkov@coleschotz.com or by first class mail to Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, an auction (the "Auction") to sell the Purchased Assets will be conducted on January 18, 2017, at 10:00 a.m. (Eastern) at the offices of Cole Schotz P.C., 25 Main Street, Hackensack, New Jersey, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Auction and served on all parties who may attend the Auction.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors shall file notice of the identity of the successful bidder and back-up bidder at the auction, and the amount of their bids, with the Court by January 20, 2016, at 12:00 p.m.  At the same time, the Debtors shall serve such notice by fax or email to all counterparties to executory contracts and unexpired leases with the Debtors and to all creditors who have requested the same in writing and provided their fax number or email address to Debtors' counsel: Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com, or Cole Schotz P.C., 500 Delaware Avenue, suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Purchased Assets to the Successful Bidder (the "Sale Hearing") before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, 5th Floor, Courtroom 6, Delaware 19801, on January 24, 2017 at 1:00 p.m. (prevailing Eastern Time), or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.  Objections to the Sale shall be filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd floor, Wilmington, Delaware 19801 and served **so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on January 17, 2017,** by: (i) the Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst), mbornhorst@directbuy.com; (ii) counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com, and 500 Delaware Avenue, suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com; (iii) counsel to

the Purchaser: Weil, Gotshal and Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Brian Rosen, Esq. and Debora Hoehne, Esq.), brian.rosen@weil.com and Debora.hoehne@weil.com; (iv) counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon Levine, Esq.), slevine@saul.com, and (v) counsel to the Office of the United States Trustee: US Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian, Esq.), Juliet.m.sarkessian@usdoj.gov (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that this Notice of Sale Procedures, Auction and Sale Hearing is subject to the full terms and conditions of the Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Copies of such documents, as well as the Asset Purchase Agreement, and all court filings in these cases, may be obtained free of charge at https://cases.primeclerk.com/DirectBuy/Home-DocketInfo?DocAttribute=3014&DocAttrName=SALERELATEDDOCUMENTS and may also be viewed during business hours at the Office of the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, 3rd floor. Copies of such documents can also be obtained free of charge by making a written request to Felice Yudkin, Esq., Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Felice Yudkin, Esq.), or by e-mail at fyudkin@coleschotz.com.

Dated: Wilmington, Delaware
      December ___, 2016

                      **COLE SCHOTZ P.C.**

                      By:_____
                          Marion M. Quirk (I.D. No.4136)
                          Nicholas J. Brannick (I.D. No.5721)
                          500 Delaware Avenue, Suite 1410
                          Wilmington, DE 19801
                          Telephone: (302) 652-3131
                          Facsimile: (302) 652-3117

                          - and -

                          Michael D. Sirota
                          Ilana Volkov
                          Felice R. Yudkin
                          25 Main Street
                          Hackensack, NJ 07602-0800
                          Telephone: (201) 489-3000
                          Facsimile: (201) 489-1536

                        *Proposed Counsel for Debtors and Debtors in Possession*

3

**EXHIBIT 3**

**Cure Notice to All Parties Except Members**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                                  :    Chapter 11
                                                        :
DIRECTBUY HOLDINGS, INC., *et al.*,[1]                   :    Case No. 16-12435 (CSS)
                                                        :
                            Debtors.                    :    Sale Objection Deadline:
                                                        :
------------------------------------------------------- x    **Related Docket No. 18 and ____**

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE DEBTORS
THAT MAY BE ASSUMED AND ASSIGNED**

**You are receiving this notice because you may be a counterparty to a contract or lease with DirectBuy Holdings, Inc. or one or more of its affiliated debtors.  Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that on November 1, 2016, the above-captioned debtors and debtors in possession (the "Debtors") filed the Motion for Orders (I)(A) Approving "Stalking Horse Asset Purchase Agreement; (B) Approving Procedures in Connection With the Sale of All or Substantially All of the Debtors' Business Assets; (C) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (D) Approving Procedures Relating to the Assumption of Certain Executory Contracts and Unexpired Leases; (E) Approving the Form and Manner of Notice Thereof; (F) Approving Expense Reimbursement; and (G) Granting Related Relief; and (II)(A) Authorizing the Sale of All or Substantially All of the Debtors' Business Assets Free and Clear of Liens, Claims and Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that: (1) the Debtors entered into the Purchase Agreement with Derby SPV, Inc. (the "Purchaser") and (2) your contract may be assumed and assigned to the Purchaser under the Purchase Agreement, or to such other  purchaser that may emerge as the Successful Bidder following the Auction (if any) conducted pursuant to the Bidding Procedures.  The Purchaser is a special purpose entity established for the benefit of all

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); UCC of Canada, Inc. (6435).  The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the holders of the Debtors' prepetition secured notes, who are also the holders of 100 % of the equity in the Debtor DirectBuy Holdings, Inc.

**PLEASE TAKE FURTHER NOTICE** that, on November_____, 2016, the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of all or substantially all of the business assets (the "Purchased Assets") of the Debtors and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Purchased Assets to the Purchaser or the Successful Bidder, as may be applicable, free and clear of all liens, claims, interests and encumbrances pursuant to sections 105(a) and 363 of the Bankruptcy Code, including the assumption by the Debtors and assignment to such applicable purchaser of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code (the "Assumed Contracts").

**PLEASE TAKE FURTHER NOTICE** any creditor may attend (but not participate in) the Auction if they provide the Debtors written notice of their intention to attend the Auction on or before January 13, 2017. Such written notice, along with the creditor's email address or fax number, must be sent to counsel for the Debtors via electronic mail, to Ilana Volkov, Esq. at ivolkov@coleschotz.com or by first class mail to Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, an auction (the "Auction") to sell the Purchased Assets will be conducted on January 18, 2017, at 10:00 a.m. (Eastern) at the offices of Cole Schotz P.C., 25 Main Street, Hackensack, New Jersey, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Auction and served on all parties who may attend the Auction.

**PLEASE TAKE FURTHER NOTICE** that, by noon on January 20, 2016, the Debtors shall file notice of the identity of the successful bidder and back-up bidder at the Auction, and the amount of their bids, with the Court. At the same time, the Debtors shall serve such notice by fax or email to all counterparties whose contracts or leases are to be, may be, or may not be, assumed and assigned, and who have requested to receive such notice. If you wish to receive notice by fax or email, you must provide your fax or email address (as applicable) prior to January 20, 2016, to Debtors' counsel, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com, or Cole Schotz P.C., 500 Delaware Avenue, suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com.

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Contracts will be held on January 24, 2017 at 1:00 p.m. (prevailing Eastern Time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801. The Sale Hearing may be

adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may potentially assume and assign one or more executory contract or unexpired leases described on **Exhibit A** attached to this Notice to Purchaser or the Successful Bidder, as may be applicable, pursuant to section 365 of the Bankruptcy Code. The Purchaser or Qualified Bidder who becomes a Successful Bidder, as may be applicable, reserves the right to remove a contract or lease from the list of Assumed Contracts at any time before the Auction and reserves the right to supplement the list of Assumed Contracts. The amount shown on **Exhibit A** hereto as the "Cure Amount" is the amount, if any, based upon the Debtors' books and records, which the Debtors assert is owed to cure any prepetition defaults and pay amounts accrued under the Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assumed Contract(s) on **Exhibit A** to which you are a party, you must file in writing with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, an objection on or before **January 10, 2017 at 4:00 p.m. (prevailing Eastern Time)**. Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any. Any non-Debtor party to an Assumed Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached **Exhibit A,** absent order of the Court to the contrary.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtors' assumption and assignment of the Assumed Contract to which you may be a party, you also must file that objection in writing no later than 4:00 p.m. (prevailing Eastern Time) on **January 10, 2017 at 4:00 p.m. (prevailing Eastern Time)**; provided, however, if any bidder other than the Purchaser is the Successful Bidder, then any counterparty to an Assumed Contract may file and serve an objection to the assumption and assignment of the Assumed Contract solely with respect to the Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Contract up to the time of the Sale Hearing, or raise it at the Sale Hearing. You may attend the Sale Hearing remotely by arranging, in advance, for a telephonic appearance through CourtCall at (888) 88-COURT. Any non-Debtor party to an executory contract or unexpired lease that fails to timely object to the assumption or assignment and provision of adequate assurance of future performance shall be forever barred from raising any such objection, absent order of the Court to the contrary.

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall (a) within 48 hours of receipt of a Qualified Bid from a Bidder (other than the Purchaser) and (b) with respect to the Purchaser, by no later than December 23, 2016, provide the necessary financial information to determine that the Qualified Bidder or Purchaser, as applicable, can provide adequate assurance of future performance under Section 365 of the Bankruptcy Code (the "Adequate Assurance

Information") to those counterparties to the Assumed Contracts (or their counsel) who have (x) submitted a written request (e-mail to Debtors' counsel is acceptable) for Adequate Assurance Information and (y) confirmed in writing to the Debtors' counsel (e-mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for purposes of evaluating whether a Qualified Bidder or the Purchaser has provided adequate assurance of future performance under the Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that if you have an objection to the Sale **other than** an objection the Cure Amount shown for the Assumed Contract(s) on Exhibit A, and **other than** an objection to the Debtors' assumption and assignment of the Assumed Contract to which you may be a party, such objection shall be filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd floor, Wilmington, Delaware 19801 and served **so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on January 17, 2017.**

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time: (i) the Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst), mbornhorst@directbuy.com; (ii) counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com, and 500 Delaware Avenue, suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com; (iii) counsel to the Purchaser: Weil, Gotshal and Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Brian Rosen, Esq. and Debora Hoehne, Esq.), brian.rosen@weil.com and debora.hoehne@weil.com; (iv) counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon Levine, Esq.), slevine@saul.com; and (v) counsel to the Office of the United States Trustee: US Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian, Esq.), juliet.m.sarkessian@usdoj.gov.

**PLEASE TAKE FURTHER NOTICE** that the Purchaser or Successful Bidder, as may be applicable, shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under 11 U.S.C. §§ 365(b) and (f) in connection with the proposed assignment of any Assumed Contract. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtors and the non-Debtors parties cannot resolve the Cure Amount, the Debtors shall segregate any disputed Cure Amounts pending the resolution of any such disputes by the Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, except to the extent otherwise provided in the Purchase Agreement with the Successful Bidder, or any order approving the sale entered by the Bankruptcy Court, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and the Debtors' estates shall be relieved of all liability accruing or arising after the effective date of assumption and assignment of the Assumed Contracts.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors to assume any Assumed Contracts or to pay any Cure Amount.[3]

**PLEASE TAKE FURTHER NOTICE** that the Motion, Bidding Procedures Order and Bidding Procedures, Asset Purchase Agreement and other documents relating to the sale and assumption and assignment of executory contracts and unexpired leases, and other court filings in these cases, may be obtained free of charge at https://cases.primeclerk.com/DirectBuy/Home-DocketInfo?DocAttribute=3014&DocAttrName=SALERELATEDDOCUMENTS and may also be viewed during business hours at the Office of the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, , 3rd floor, Delaware 19801. Copies of such documents can also be obtained free of charge by making a written request to Felice Yudkin, Esq., Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Felice Yudkin, Esq.), or by email at fyudkin@coleschotz.com.

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

ANY NON-DEBTOR PARTY TO ANY ASSUMED CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.

Dated: Wilmington, Delaware
      December _____, 2016

                **COLE SCHOTZ P.C.**

                By:_____
                    Marion M. Quirk (I.D. No.4136)
                    Nicholas J. Brannick (I.D. No.5721)
                    500 Delaware Avenue, Suite 1410
                    Wilmington, DE 19801
                    Telephone: (302) 652-3131
                    Facsimile: (302) 652-3117

                    - and -

                    Michael D. Sirota
                    Ilana Volkov
                    Felice R. Yudkin

---

[3] Assumed Contracts" are those Contracts and Leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Purchaser or the Successful Bidder, as may be applicable, may choose to exclude certain of the Debtors' contracts or leases from the list of Assumed Contracts as part of their Qualifying Bid, causing such contracts and leases not to be assumed by the Debtors.

25 Main Street
Hackensack, NJ 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Counsel for Debtors and Debtors
in Possession*

## **EXHIBIT A**

[TO BE FILED BY DECEMBER 16, 2016]

**EXHIBIT 4**

**Member Cure Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------- x
                       :

In re:                     :    Chapter 11

DIRECTBUY HOLDINGS, INC., *et al.*,[1]  :    Case No. 16-12435 (CSS)

           Debtors.   :    Sale Objection Deadline:

                       :
----------------------------------------------------- x  Related Docket No. 18 and ____

## NOTICE TO MEMBERS OF ASSUMPTION AND ASSIGNMENT OF
## MEMBERSHIP AGREEMENTS

**You are receiving this notice because you may be a counterparty to a membership agreement with DirectBuy Holdings, Inc. or one or more of its affiliated debtors. Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that the Debtors have entered into a Purchase Agreement with Derby SPV, Inc. (the "Purchaser") for the sale of substantially all their business assets. The Purchaser is a special purpose entity established for the benefit of all the holders of the Debtors' prepetition secured notes, who are also the holders of 100 % of the equity in the Debtor DirectBuy Holdings, Inc.  Your membership agreement with the Debtors may be assumed and assigned to the Purchaser under the Purchase Agreement, or to such other  purchaser that may emerge as the successful bidder following any auction.  **The Debtors assert that no money ($0) (the "Cure Amount") is due to any of their members under the membership agreements.**

**PLEASE TAKE FURTHER NOTICE** that, on November ___, 2016, the Court entered a bidding procedures order with respect to the sale of the Debtors' business assets (the "Bidding Procedures Order").  **Pursuant to the Bidding Procedures Order, if you disagree with the Cure Amount of zero ($0), you must file a written objection** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd floor, Wilmington, Delaware 19801 on or before **January 10, 2017 at 4:00 p.m. (prevailing Eastern Time)**. Failure to file an objection to the Cure Amounts on time shall be a bar to asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth herein, absent order of the Court to the contrary.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); UCC of Canada, Inc. (6435).  The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

PLEASE TAKE FURTHER NOTICE that the Debtors shall provide the necessary financial information for you to determine that the Qualified Bidder or Purchaser, as applicable, can provide adequate assurance of future performance under Section 365 of the Bankruptcy Code (the "Adequate Assurance Information") to those members who have (x) submitted a written request (e-mail to Debtors' counsel is acceptable) for Adequate Assurance Information and (y) confirmed in writing to the Debtors' counsel (e-mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for purposes of evaluating whether a Qualified Bidder or the Purchaser has provided adequate assurance of future performance under your membership agreement.  Debtors' Counsel contact information: Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com, and Cole Schotz P.C., 500 Delaware Avenue, suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com.

PLEASE TAKE FURTHER NOTICE that if you have any other objection to the Debtors' assumption and assignment of your membership agreement (other than to the Cure Amount), including lack of adequate protection of future performance, you may prosecute such objection at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that a hearing (the "Sale Hearing") to approve the sale and authorize the assumption and assignment of the Assumed Contracts will be held on **January 24, 2017 at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.  You may attend the hearing remotely by arranging, in advance, for a telephonic appearance through CourtCall at (888) 88-COURT.

PLEASE TAKE FURTHER NOTICE that nothing contained herein shall obligate the Debtors to assume any Assumed Contracts or to pay any Cure Amount.[2]

---

[2] Assumed Contracts" are those Contracts and Leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Purchaser or the Successful Bidder, as may be applicable, may choose to exclude certain of the Debtors' contracts or leases from the list of Assumed Contracts as part of their Qualifying Bid, causing such contracts and leases not to be assumed by the Debtors.

    **PLEASE TAKE FURTHER NOTICE** that the Motion, Bidding Procedures Order and Bidding Procedures, Asset Purchase Agreement and other documents relating to the sale and assumption and assignment of executory contracts and unexpired leases, and other court filings in these cases, may be obtained free of charge at https://cases.primeclerk.com/DirectBuy/Home-DocketInfo?DocAttribute=3014&DocAttrName=SALERELATEDDOCUMENTS.

Dated: Wilmington, Delaware
     December ___, 2016

                    **COLE SCHOTZ P.C.**

                    By:_____
                        Marion M. Quirk (I.D. No.4136)
                        Nicholas J. Brannick (I.D. No.5721)
                        500 Delaware Avenue, Suite 1410
                        Wilmington, DE 19801
                        Telephone: (302) 652-3131
                        Facsimile: (302) 652-3117

                        - and -

                        Michael D. Sirota
                        Ilana Volkov
                        Felice R. Yudkin
                        25 Main Street
                        Hackensack, NJ 07602-0800
                        Telephone: (201) 489-3000
                        Facsimile: (201) 489-1536

                        *Proposed Counsel for Debtors and Debtors in Possession*