IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
    :
In re:    :   Chapter 11
    :
DIRECTBUY HOLDINGS, INC., *et al.*,[1]    :   Case No. 16-12435 (CSS)
    :
    Debtors.    :   Jointly Administered
    :
------------------------------------------------------------ x   **Related to Docket No. 18** and 121

ORDER (A) APPROVING "STALKING HORSE" ASSET PURCHASE AGREEMENT;
(B) APPROVING PROCEDURES IN CONNECTION WITH
THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' BUSINESS
ASSETS; (C) SCHEDULING THE RELATED AUCTION AND HEARING
TO CONSIDER APPROVAL OF SALE; (D) APPROVING PROCEDURES
RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; (E) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF; (F) APPROVING EXPENSE REIMBURSEMENT;
AND (G) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[2] of the above-

captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure

(as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of

Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the

"Local Rules") (A) approving "stalking horse" asset purchase agreement, as shall be amended

consistent with the representations made on the record at the hearing held on November 28, 2016

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (U.S. entities), are: DirectBuy Holdings, Inc. (3621); United Consumers Club, Incorporated (6335); DirectBuy, Inc. (5059); Beta Finance Company, Inc. (8776); UCC Distribution, Inc. (6010); U.C.C. Trading Corporation (4388); National Management Corporation (8765); UCC of Canada, Inc. (6435). The address of the Debtors' corporate headquarters is 8450 Broadway, Merrillville, IN 46410.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(the "<u>Asset Purchase Agreement</u>"); (B) approving procedures in connection with the sale of all or substantially all of the Debtors' business assets; (C) scheduling the related auction and hearing to consider approval of sale free and clear of liens, claims and interests; (D) approving procedures related to the assumption of certain executory contracts and unexpired leases; (E) approving the form and manner of notice thereof; (F) approving the Expense Reimbursement; and (G) granting related relief; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion, to the extent set forth herein, is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

## IT IS FURTHER FOUND AND DETERMINED THAT:[3]

A.      The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Assumption and Assignment Procedures, (iii) approve the form and manner of notice of the Motion, the Auction and Sale Hearing and (iv) set the date of the Auction and the Sale Hearing.

B.      Due, sufficient and adequate notice of the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion, the proposed entry of this order, the Bidding Procedures, the Assumption and Assignment

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Procedures, the Auction and the Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

        C.      The Debtors' proposed notices of (i) the Sale, (ii) the assumption and assignment of, and Cure Amount (as defined below) for, the executory contracts and unexpired leases to be assumed and assigned to the Successful Bidder (the "Assumed Contracts"), (iii) the Asset Purchase Agreement, (iv) the Successful Bidder and (v) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

        D.      The Bidding Procedures, in the form attached hereto as **Exhibit 1**, and incorporated by reference as if fully set forth in this Order, are fair, reasonable, and appropriate, were negotiated in good faith and at arm's-length by the Debtors and the Purchaser and represent the best method for maximizing the value to be achieved for the Purchased Assets.

        E.      The Assumption and Assignment Procedures, as modified by this Order, are reasonable and appropriate.

       **IT IS HEREBY ORDERED THAT:**

        1.      The Motion is GRANTED as set forth herein.

        2.      All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

        3.      The Asset Purchase Agreement is approved solely for the purpose of establishing the stalking horse bid for the Debtors' business assets. All substantive rights are reserved for the Sale Hearing.

4.      The Bidding Procedures, attached hereto as **Exhibit 1,** are APPROVED.  The

Debtors are authorized to take any and all actions reasonably necessary or appropriate to

implement the Bidding Procedures.

5.      Except as expressly provided herein, nothing herein shall be construed as a

determination of the rights of any party in interest in these Chapter 11 Cases, including, without

limitation, the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and

the Purchaser.

## The Bid Deadline

6.      The Purchaser shall be the Successful Bidder (as defined in the Bidding

Procedures) unless the following parties receive one or more Qualified Bids in writing, **on or**

**before January 12, 2017 at 5:00 p.m. (prevailing Eastern Time)** or such later date as may be

agreed to by the Debtors upon consultation with the Committee (the "Bid Deadline"): (1) the

Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst); (2) proposed

counsel for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New

Jersey 07601 (Attn: Ilana Volkov, Esq. and Marc Press, Esq.); (3) investment banker to the

Debtors, Carl Marks & Co., 900 Third Avenue, 33rd Floor, New York, New York 10022 (Attn:

Charles Boguslaski and Parker Condie); (4) proposed counsel for the Committee, Saul Ewing

LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426

(Attn: Sharon Levine, Esq.); and (5) proposed financial advisors to the Committee, Emerald

Capital Advisors, 70 East 55th Street, 17th Floor, New York, NY 10022 (Attn: John Madden).

## Notice of the Sale and the Sale Hearing

7.      By no later than seven (7) calendar days after entry of this Order (the "Initial

Mailing Date"), the Debtors (or their agents) shall serve this Order, the Bidding Procedures and

the Sale Notice attached hereto as Exhibit 2 by first-class mail, postage prepaid or by email,

4

where available, upon (a) all entities known to have expressed an interest in a transaction with respect to some or all of the Purchased Assets at any time prior to the date hereof; (b) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Purchased Assets; (c) all federal, state and local environmental or other regulatory authorities that regulate any aspect of the Debtors' business, if any; (d) the Pension Benefit Guaranty Corporation; (e) United States Attorney's office; (f) the state Attorney General's offices where the Purchased Assets are located; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) counsel to the Committee; (j) counsel to the Prepetition Secured Parties; (k) the U.S. Trustee; and (l) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Cases (the "Initial Mailing Service List"). In addition, by the Initial Mailing Date, the Debtors' claims and noticing agent shall post a copy of this Order, the Bidding Procedures and the Sale Notice to the website maintained for the Debtors in these cases.

8.      By December 23, 2016 (the "Final Mailing Date"), the Debtors (or their agents) shall serve the Sale Notice by first-class mail, postage prepaid or by email, where available, upon (a) all state and local taxing authorities in the states in which the Debtors have or may have any tax liability; and (b) all known creditors other than those identified in subparagraph (a) hereof or the Initial Mailing Service List.

9.      By the Final Mailing Date, the Debtors (or their agents) shall serve the Counterparties Cure Notice (as defined below) by first-class mail, postage prepaid or by email, where available, upon all counterparties to the Debtors' executory contracts and unexpired leases.

5

10.     By the Final Mailing Date, the Debtors (or their agents) shall serve the Member Sale Notice (as defined below) and the Sale Notice by first-class mail, postage prepaid, or by email, where available, upon all the Debtors' members.

11.     By the Final Mailing Date, the Debtors' claims and noticing agent shall post the Cure Notices (as defined below) to the website maintained for the Debtors in these cases.

12.     The Debtors shall cause notice substantially in the form of the Sale Notice to be published in the *Wall Street Journal*, national edition, within seven (7) days of the entry of this Order, or soon thereafter as practicable. Such publication notice shall be deemed sufficient and proper notice of the Sale to any other interested parties whose identities are unknown to the Debtors.

13.     The Sale Hearing to approve the sale of the Purchased Assets shall be held on January 24, 2017 at 1:00 p.m. **(Prevailing Eastern Time)**.

14.     Objections, if any, to the sale of the Purchased Assets ("Sale Objection") must be filed and with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, together with proof of service on or before **January 17, 2017 at 4:00 p.m. (Prevailing Eastern Time)** (the "Sale Objection Deadline") and be served upon: (1) the Debtors, 8450 Broadway, Merrillville, Indiana 46410 (Attn: Michael P. Bornhorst); (2) proposed counsel for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attn: Ilana Volkov, Esq.), ivolkov@coleschotz.com and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Nicholas J. Brannick, Esq.), nbrannick@coleschotz.com; (3) proposed counsel to the Committee, Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102-5426 (Attn: Sharon Levine, Esq.), slevine@coleschotz.com; (4) counsel to the Purchaser, Weil, Gotshal & Manges

6

LLP, 767 Fifth Avenue, New York (Attn: Brian Rosen, Esq. and Debora A. Hoehne, Esq.), brian.rosen@weil.com and debora.hoehne@weil.com; and (5) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian, Esq.), Juliet.m.sarkessian@usdoj.gov (collectively, the "Notice Parties").

15.    Failure to file a Sale Objection on or before the Sale Objection Deadline shall be deemed to be consent for purposes of section 363(f) of the Bankruptcy Code.

### The Auction

16.    If the Debtors, after consultation with the Committee, determine that they received one or more Qualified Bids in addition to the Asset Purchase Agreement, the Debtors shall conduct an auction (the "Auction") with respect to the Purchased Assets.  The Auction shall take place **on or before January 18, 2017 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Cole Schotz P.C., 25 Main Street, Hackensack, New Jersey, or such other place and time as the Debtors shall identify, after  consultation with the Committee, in a notice filed with the Bankruptcy Court at least 24 hours before the Auction, and served on  all Qualified Bidders, the Purchaser and its counsel, the Prepetition Secured Parties and their counsel, counsel for the Committee, the U.S. Trustee, and any creditors who provide notice in accordance with paragraph 14 below.  The Debtors are authorized, after consultation with the Committee and subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, after consultation with the Committee, to conduct and implement the Auction.

17.    Only the Debtors, the Prepetition Secured Parties, the Purchaser and any other Qualified Bidder, the Committee members, if they so determine, the Committee's professionals, the U.S. Trustee, along with their representatives and counsel, and such other parties as the Debtors, after consultation with the Committee, shall determine, shall attend the Auction (such

attendance to be in person); provided, however, that any creditor may attend (but not participate in) the Auction if they provide the Debtors written notice of their intention to attend the Auction on or before two business days prior to the Auction. Such written notice must be sent to proposed counsel for the Debtors via electronic mail, to Ilana Volkov, Esq. at ivolkov@coleschotz.com or by first class mail to Ilana Volkov, Esq., Cole Schotz, 25 Main Street, Hackensack, NJ 07601.

18.     In addition, only the Purchaser and such other Qualified Bidders (or such other parties as the Debtors may otherwise determine, after consultation with the Committee) will be entitled to make any Bids at the Auction. The Debtors and their professionals shall direct, in consultation with the Committee, and preside over the Auction and the Auction shall be transcribed. The Purchaser (in its capacity as a Bidder), and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the business assets described herein and (b) has reviewed, understands and accepts the Bidding Procedures.

19.     Subject to the rights of parties in interest to (i) challenge the Sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process and (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such parties may have under applicable law, the Debtors, after consultation with the Committee, may (I) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the

Bidding Procedures or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

20.     The Debtors shall file notice of the identity of the successful bidder and back-up bidder at the auction, and the amount of their bids, with the Court by no later than January 20, 2016 at 12:00 p.m. (prevailing Eastern Time). The same day the Debtors shall serve such notice by fax or email to all contract and lease counterparties and to all creditors who have requested the same in writing and provided their fax number or email address, as applicable, to Debtors' counsel on or before that date and time.

21.     Notwithstanding anything to the contrary herein, and for the avoidance of doubt, for all purposes under the Bidding Procedures, the Purchaser shall be considered a Qualified Bidder.

22.     Pursuant to section 363(k) of the Bankruptcy Code, U.S. Bank National Association, as trustee and collateral agent for the PrePetition Notes on behalf of all holders of such notes on a pro rata basis, shall be entitled to credit bid in the name of the Purchaser all or a portion of the amounts owed under the Prepetition Notes and the Purchaser shall be entitled to submit any credit bid at any time prior to the Bid Deadline and may submit subsequent bids at the Auction in compliance with the Bidding Procedures. Nothing herein shall affect the rights of parties in interest under the Interim Cash Collateral Order entered in this case, or any further or final cash collateral order that may be entered in this case, to challenge the nature, extent, validity or perfection of Purchaser's liens by no later than the Investigation Termination Date, including, without limitation, to assert any claims or causes of action for money damages, subordination or recharacterization.

23.     The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

**Assumption and Assignment Procedures**

24.     The Assumption and Assignment Procedures are APPROVED as set forth herein.

25.     Except for the Debtors' members, the Debtors shall serve by first-class mail, postage prepaid on each non-Debtor counterparty to an executory contract and unexpired lease, including without limitation, an Assumed Contract a cure notice substantially in the form attached hereto as Exhibit 3 (the "Counterparties Cure Notice") that shall (i) state the cure amounts that the Debtors believe are necessary to assume such executory contract or unexpired lease, including, without limitation, the Assumed Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amount"); (ii) notify the non-Debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Purchased Assets at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing, or at a later hearing if so determined by the Debtors with the consent of the Committee which shall not be unreasonably withheld; and (iv) state that the deadline by which the non-Debtor party shall file an objection to the Cure Amount or to the assumption and assignment of the Assumed Contracts is the Sale Objection Deadline; provided, however, that the inclusion of a contract, lease or agreement on the Counterparties Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease. The estates reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on the Counterparties Cure Notice.

10

26.     With respect to the Debtors' membership agreements, the Debtors shall serve on each member that is party to a membership agreement with the Debtors, the Sale Notice and a cure notice substantially in the form attached hereto as **Exhibit 4** (the "Member Cure Notice" and, together with the Counterparties Cure Notice, collectively, the "Cure Notices"), by first class mail, postage prepaid where an email address is not known or by electronic mail where an email address is known.

27.     The Debtors shall (a) within 48 hours of receipt of a Qualified Bid from a Bidder (other than the Purchaser) and (b) with respect to the Purchaser, by no later than December 23, 2016 (the later of (a) and (b), the "Adequate Assurance Deadline"), provide the necessary financial information to demonstrate that the Qualified Bidder or Purchaser, as applicable, can provide adequate assurance of future performance under Section 365 of the Bankruptcy Code (the "Adequate Assurance Information") to those counterparties to the Assumed Contracts (or their counsel) who have (x) submitted a written request (by e-mail to Debtors' counsel is acceptable) for Adequate Assurance Information and (y) confirmed in writing to the Debtors' counsel (by e-mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for the purpose of evaluating whether a Qualified Bidder or the Purchaser has provided adequate assurance of future performance under the applicable Assumed Contract; provided, however, that the Purchaser or Qualified Bidder, as applicable, may require the counterparties to the applicable Assumed Contract to execute confidentiality agreements prior to the remittance of any confidential, non-public information to such counterparty.  Any Adequate Assurance Information provided to a counterparty shall be provided simultaneously to the Committee.

11

28.    Any objection to the Cure Amount with respect to an executory contract or
unexpired lease, including, without limitation, to any Assumed Contract must be filed with the
Court and served on the Notice Parties **so as to be received on or before January 10, 2017 at
4:00 p.m. (Prevailing Eastern Time)** (the "Cure Objection Deadline"). Any such objection
must also (i) state the basis for such objection and (ii) state with specificity what cure amount the
party to the Assumed Contract believes is required (in all cases with appropriate documentation
in support thereof).

29.    Any objection to the provision of adequate assurance of future performance or the
assumption and assignment to the Purchaser of an executory contract and unexpired lease,
including, without limitation, an Assumed Contract must be filed with the Court and served on
the Notice Parties **so as to be received on or before January 10, 2017, at 4:00 p.m.
(Prevailing Eastern Time)** (the "Assumption Objection Deadline"). Any such objection must
also state the basis therefor. If a Successful Bidder that is not the Purchaser prevails at the
Auction, then objections to the assumption or assignment and provision of adequate assurance of
future performance may be made at any time before or at the Sale Hearing, including remotely
by arranging, in advance, for a telephonic appearance through CourtCall at (888) 88-COURT. If
a non-Debtor party to any executory contract or unexpired lease fails to object to the assumption
or assignment and provision of adequate assurance of future performance by the Assumption
Objection Deadline or at the Sale Hearing, as the case may be, such counterparty shall be forever
barred from raising any such objection.

30.    Unless a non-Debtor party to any executory contract or unexpired lease, including
an unexpired real property lease, files an objection to the Cure Amount by the Cure Objection
Deadline, then the Cure Amount set forth in the Counterparties Cure Notice should be binding

upon the non-Debtor counterparty to such agreement for all purposes and will constitute a final determination of the Cure Amount required to be paid in connection with the assumption and assignment of such agreement. In addition, all counterparties to the Assumed Contracts who fail to file an objection shall be (i) forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contract, and the Debtors, the Purchaser or the Successful Bidder, as the case may be, shall be entitled to rely solely upon the Cure Amount set forth in the Counterparties Cure Notice, and (b) be forever barred and estopped from asserting or claiming against the Debtors, the Purchaser or the Successful Bidder, as the case may be, or any other assignee of the Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied with respect to such Assumed Contract.

31.    In the event that the Debtor and the non-Debtor party cannot resolve the Cure Amount, the Debtor shall segregate any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before the Sale Hearing or, with the Committee's consent which consent shall not be unreasonably withheld, after the Sale Hearing. Any counterparty to an executory contract or unexpired lease, including, without limitation, an Assumed Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Counterparties Cure Notice.

32.    To the extent that a non-Debtor counterparty to an executory contract or unexpired lease, including, without limitation, an Assumed Contract was not provided with a Counterparties Cure Notice (any such contract or lease a "Previously Omitted Contract"), the

13

Debtors will notify the Successful Bidder within three (3) Business Days after the Debtors become aware of the omission. The Debtors shall serve a notice (the "Previously Omitted Contract Notice") to the counterparties to the Previously Omitted Contract indicating the Debtors' intent to assume and assign the Previously Omitted Contract. The counterparties will have fourteen (14) days to object to the Cure Amount or the assumption. If the parties cannot agree on a resolution, the Debtors will seek an expedited hearing before the Court to determine the Cure Amount and approve the assumption. If there is no objection, then the counterparties will be deemed to have consented to the assumption and assignment and the Cure Amount, and such assumption and assignment and the Cure Amount shall be deemed approved by the Sale Order without further order of this Court.

33.     Notwithstanding anything to the contrary herein, at any time before the Auction, the Purchaser or any Qualified Bidder who becomes the Successful Bidder, as the case may be, shall have the right to exclude any of the Assumed Contracts from the Purchased Assets (an "Excluded Contract"), and any such Excluded Contract shall constitute an Excluded Asset (as defined in the Asset Purchase Agreement) and shall not constitute, for any purpose whatsoever, a Purchased Asset; provided, however, that any Excluded Contract nevertheless may be assumed and assigned, at the Successful Bidder's (including Purchaser's) written request to Debtors' counsel made no later than the Closing (as defined in the Asset Purchase Agreement) (the "Subsequently Added Contract") unless alternative mutual arrangements are made between the Debtors and the Successful Bidder (including Purchaser), upon consultation with the Committee; and provided further that any Excluded Contract that does not become a Subsequently Added Contract shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code effective as

14

of the start of the Auction. The Successful Bidder shall not incur any liability, obligation, or debt in connection with or related to any such Excluded Contract that constitutes an Excluded Asset.

## Expense Reimbursement

34.     The Expense Reimbursement in the amount of up to $300,000 is APPROVED and shall be paid when and as set forth in the Asset Purchase Agreement without any further order of the Bankruptcy Court, pursuant to the terms of paragraph 3(c) of the interim cash collateral order [Docket No. 46] (the "Interim Cash Collateral Order") and any final cash collateral order to be entered in these Chapter 11 Cases upon presentment of invoices substantiating the amount thereof, including the provisions thereof governing the submission of invoices by the Prepetition Secured Parties (as defined in the Interim Cash Collateral Order) under paragraph 3(c) of the Interim Cash Collateral Order. The Expense Reimbursement shall be an administrative claim of the Debtors' estates under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for adequate protection and shall not be subordinate to any other administrative expense claim against the Debtors. Notwithstanding the foregoing, the Purchaser shall not be permitted to credit bid any portion of the Expense Reimbursement and no other bidder shall be required to include any portion of the Expense Reimbursement in its bid.

## Related Relief

35.     The dates set forth on the attached Schedule A are hereby approved.

36.     Any obligations of the Debtors set forth in the Asset Purchase Agreement that are intended to be performed prior to the Sale Hearing and entry of the Sale Order are authorized as set forth herein.

37.     The Debtors, in consultation with and on reasonable notice to the Committee, are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established this Order.

15

38.    This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

39.    This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

40.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

41.    Notwithstanding anything to the contrary in the Asset Purchase Agreement, this Court shall retain sole, exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Asset Purchase Agreement, the Bidding Procedures and the implementation of this Order.

Dated: Wilmington, Delaware
      November 12/1 , 2016

                                CHRISTOPHER S. SONTCHI
                                UNITED STATES BANKRUPTCY JUDGE